UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
COURT FILE NO.: _____

| | |
|---|---|
| WILLIAM BYRON CALDWELL<br><br>Plaintiff,<br>v.<br><br>SESSOMS & ROGERS, P.A. and<br>FIA CARD SERVICES, N.A. f/k/a<br>MBNA AMERICA BANK, N.A.,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and North Carolina's Prohibited Acts by Debt Collectors statute, N.C. Gen. Stat. § 75-50 et seq. ("NCPADC") in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

4. This case is brought within one year of the violations in compliance with the statute of limitations at 15 U.S.C. § 1692k(d).

## PARTIES

5. Plaintiff William Byron Caldwell (hereinafter "Caldwell") is a natural person who resides in the City of Mooresville, County of Iredell, State of North Carolina, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Plaintiff Caldwell is also a "consumer" as defined by the NCPADC at N.C. Gen. Stat. § 75-50(1).

7. Defendant Sessoms & Rogers, P.A. (hereinafter "S&R") is upon information and belief, a professional association and a debt collection law firm operating from an address of 3326 Durham-Chapel Hill Boulevard, Suite A-200, Durham, NC 27707.

8. Defendant S&R is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) as it regularly attempts to collect debts alleged to be due another.

9. Upon information and belief, Defendant FIA Card Services, N.A. f/k/a MBNA America Bank, N.A. (hereinafter "FIA") is a subsidiary of Bank of America Corporation and a national bank organized under the laws of the state of Delaware, with a principal office and place of business in Wilmington, Delaware.

10. Defendant FIA is a "debt collector" as defined by the NCPADC at N.C. Gen. Stat. § 75-50(3).

11. Defendant S&R was at all times relevant to this complaint the attorney of record in a North Carolina state court action brought by Defendant FIA against Plaintiff Caldwell and was acting as the authorized agent for Defendant FIA in its dealings with Plaintiff.

12. At all times relevant to the subject matter of this Complaint, Defendants S&R and FIA were engaged in commerce in North Carolina

## FACTUAL ALLEGATIONS

13. The alleged debt in this matter was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and N.C. Gen. Stat. § 75-50(2).

14. Sometime thereafter, the debt was consigned, placed or otherwise transferred by Defendant FIA to Defendant S&R for collection from this Plaintiff.

15. Defendant S&R filed a state court collection action in Iredell County District Court against Plaintiff Caldwell on behalf of Defendant FIA on July 2, 2010.

16. Plaintiff Caldwell's attorney filed a Motion for Extension of Time to Answer Complaint on August 12, 2010 which was served on Defendant S&R on or about that day.

17. Plaintiff Caldwell's attorney filed an Answer to the Complaint on September 15, 2010 that denied the material allegations of the Complaint and which was served on Defendant S&R on that day.

18. Thereafter, Defendant S&R continued to make automated collection telephone calls to the home telephone number of Plaintiff Caldwell.

19. These telephone calls were "communications" in an attempt to collect a debt as defined at 15 U.S.C. 1692a(2).

20. Each of these communications was made after Defendant S&R knew Plaintiff Caldwell was represented by an attorney in regard to the alleged debt and the pleadings served upon it readily revealed the attorney's name, address and other contact information.

21. These automated calls stated that they were from a debt collector and were made in an attempt to collect a debt and were left on Plaintiff Caldwell's answering machine.

22. Plaintiff Caldwell's sixteen year old daughter overheard several of the communications from Defendant S&R resulting in illegal third party disclosures of the debt and she mentioned the calls to her father causing him further embarrassment.

23. All of the above-described collection communications made to Plaintiff by Defendant S&R were made in violation of numerous and multiple provisions of the FDCPA, including but

not limited to 15 U.S.C. §§ 1692d, 1692b(6), 1692c(a)(2), 1692c(b), and 1692f, amongst others.

## CAUSES OF ACTION

### COUNT I.

**Violations of the Fair Debt Collection Practices Act**

**15 U.S.C. § 1692 et seq.**

24. Plaintiff Caldwell incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant S&R and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

26. As a result of Defendant S&R's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant S&R.

### COUNT II.

**Violations of the North Carolina Prohibited Acts by Debt Collectors Statute**

**N.C. Gen. Stat. §75-50,** *et. seq.*

27. The allegations of the preceding paragraphs are re-alleged and incorporated by reference as if set forth fully herein.

28. Defendant FIA through the actions of its agent Defendant S&R in continuing to call the Plaintiff after being informed and notified by the Plaintiff's attorney that he represents

the Plaintiff has repeatedly violated N.C. Gen. Stat. § 75-55(3) and has attempted to collect a debt by unconscionable means in violation N.C. Gen. Stat. § 75-55 generally.

29. Defendant FIA through the actions of its agent Defendant S&R in continuing to call the Plaintiff after being informed and notified by the Plaintiff's attorney that he represents the Plaintiff has attempted to collect a debt by unfair and deceptive means.

30. Defendant FIA through the actions of its agent Defendant S&R in leaving messages on a family answering machine that were overheard by Plaintiff Caldwell's 16 year old daughter have unreasonably publicized information regarding his debt and used a form of communication which ordinarily would be seen or heard by a person other than the Plaintiff in violation of N.C. Gen. Stat. § 75-53 generally and § 75-53(2) specifically.

31. The actions of Defendants S&R and FIA have proximately caused injury to Plaintiff Caldwell in the form of emotional distress, humiliation, embarrassment and mental anguish.

32. As a result of Defendants' violations of these and other sections of the North Carolina Prohibited Acts by Debt Collectors Statute, the Plaintiff is entitled to statutory damages in an amount not less than $500.00 but no greater than $4,000.00 per violation pursuant to N.C. Gen. Stat. §75-56(b); and, reasonable attorney's fees and costs pursuant to N.C. Gen. Stat. §75-16.

*Summary*

33. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and NCPADC, including but not limited to all of the above mentioned provisions of the FDCPA and

NCPADC, as well as an invasion of Plaintiff's privacy and resulted in actual damages to Plaintiff.

34. Plaintiff was mortified that these Defendants had left messages that his minor daughter could hear and understand that he was behind on his bills and that he was being sued and suffered extreme embarrassment, emotional distress, and humiliation as a result of this unlawful disclosure.

35. Plaintiff was further distressed by the communications with him after he had retained an attorney to defend him in the collection lawsuit over this alleged debt.

## TRIAL BY JURY

36. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

## COUNT II.

1. For an award of actual damages in an amount to be determined at trial and $4000 in statutory damages per violation pursuant to the violations of N.C. Gen. Stat. § 75-50, et. seq. alleged therein;

2. For an award of costs of litigation and reasonable attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1 from each Defendant jointly and severally;

3. For an award of any discretionary costs as may be allowable by law, pre-judgment and post-judgment interest from each Defendant jointly and severally;

4. For a trial before a jury on all issues so triable;

5. For such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 21, 2010

s/Travis E. Collum
N.C. Bar No. 29158
Attorney for Plaintiff
Travis E. Collum, Attorney at Law, P.A.
Post Office Box 1739
Mooresville, NC 28115
Telephone: (704) 663-4187
Facsimile: (704) 663-4178
travis@collumlaw.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NORTH CAROLINA )
) ss.
COUNTY OF IREDELL )

Plaintiff William Byron Caldwell, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_William Byron Caldwell_
William Byron Caldwell

Subscribed and sworn to before me this 21 day of October, 2010.

_Tracy Shackelford_
Notary Public

[Notary Seal: TRACY SHACKELFORD, NOTARY PUBLIC, MECKLENBURG COUNTY, N.C.]